George F. Tyler
vs.
Outlet Company

No. 86095.

November 10, 1931.

BLODGETT, P. J. Heard without intervention of a jury.

Plaintiff purchased a piano from defendant for $704 under a conditional sale, payments under which were $17 per month, and an insurance policy was issued to take care of such payments.

Plaintiff was taken ill and claimed the insurance company should make such payments.

The defendant repossessed the piano under the terms of the sale, and sold same for $350. At the time of repossession by defendant, plaintiff owed $255 for the piano.

Plaintiff claims the difference between $350 and $255, viz: $95, from defendant.

Defendant claims to have expended $169.90 upon said piano after repossession and before such sale.

The question at issue is whether an action at law will lie to recover the difference between the amount realized upon the sale by defendant after repossession and the amount actually due from the plaintiff, when such sale is made after a breach on part of plaintiff of the conditions of the sale agreement.

Under the agreement, the title to said piano remained in defendant until all its terms were complied with and upon failure of plaintiff to make payments due under same, defendant is entitled to repossession.

As to a sale by the party repossessing and an accounting after such sale to the vendee, the contract is silent.

In the absence of a statute regulating the disposal of repossessed property, the vendor's rights to the property are absolute.

*Mercier* vs. *Nashua Buick Co.*, 146 Atl. (N. H.) 167.

Equities cannot be construed into a contract. Same must be carried out as the parties were content to make it.

*White* vs. *Solomon*, 164 Mass. 516.

A conditional sales agreement is not a mortgage and must be construed as set out in the agreement.

Decision for defendant.

For plaintiff: Wilson, Lovejoy, Budlong & Clough.

For defendant: Tillinghast, Morrissey & Flynn.